No. 18,705.

H. W. TAYLOR, *Appellant*, v. GEORGE W. NEWMAN et al.,
*Appellees.*

SYLLABUS BY THE COURT.

TRESPASS TO REAL PROPERTY — *Obstructing River Channel —
Statute of Limitations.* In an action for trespass to real
property the petition alleged that the defendant, who owned
land bordering on the Arkansas river, wrongfully built
and maintained a permanent obstruction in the channel of
the stream, which for twenty-four months prior to the com-
mencement of the action and continuously thereafter had
diverted the natural flow of the water to the opposite bank,
and maintained a permanent obstruction in the channel of
plaintiff's land. *Held* (following *Parker v. City of Atchison*,
58 Kan. 29, 48 Pac. 631, and *McDaniel v. City of Cherryvale*,
ante, p. 40, 136 Pac. 899), that the cause of action was barred
by the two-year statute of limitations.

Appeal from Cowley district court; CARROLL L.
SWARTZ, judge. Opinion filed March 7, 1914. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.
*J. Mack Love,* and *C. W. Wright,* both of Arkansas
City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The single question is whether this ac-
tion is barred by the two-year statute of limitations.
The trial court held that it was and sustained a de-
murrer to the petition.

The plaintiff owns land on the south bank of the
Arkansas river. The defendants are the owners of a
tract of land directly opposite that of the plaintiff on
the north bank of the river. The petition alleges that
about ten years ago the defendants commenced and
undertook to fill up the natural channel of the river
which flowed near their land, and that by means of
sinking bundles of switches and other material in the

bed of the channel every year since that time the defendants had caused the bed of the river to be raised on their side of the stream, and by extending the obstruction from their land to an island in the channel and narrowing the channel had diverted the natural course and usual flow of the stream over and upon the land of the plaintiff, by reason of which the waters so diverted destroyed and carried away large portions of the plaintiff's land, and "during all of said time, viz., for twenty-four months prior to the commencement of this action and continuously to the present time rendered a large quantity of said land unfit for use, covering the same with boulders and sand and cutting a large and deep channel through said land, and destroying more than three acres thereof."

The petition shows a design and purpose on the part of the defendants to place a permanent obstruction in the bed of the river which necessarily created a constant and continuous injury to the plaintiff's land, and under the rule declared in a number of former decisions of this court his cause of action for permanent damages accrued more than two years before the action was commenced and was therefore barred. A case directly in point is *Parker v. City of Atchison,* 58 Kan. 29, 48 Pac. 631. The fourth paragraph of the syllabus in that case reads:

"Where a permanent improvement is made by a city on the bank of a water course in such a way as to narrow the channel and wash and injure private property on the opposite bank, the city is liable for the injury; but an action therefor can only be brought within two years after the erection of such improvement."

(See, also, *Hubbard v. Power Co.,* 89 Kan. 446, 131 Pac. 1182, and *McDaniel v. City of Cherryvale,* ante, p. 40, 136 Pac. 899, and cases cited in the opinion.)

In the Cherryvale case the action was by a landowner to recover damages resulting from the pollution of a

stream into which sewage was discharged by the city from its sewer system. It was held that as the sewer system was in its nature designed and used as a permanent structure, and its operation "was necessarily a constant and continuous injury to the owner's land his cause of action for permanent damages accrued when the sewage and impurities were first deposited in the stream, and not having been brought within two years from that time his action was barred." (Syl. ¶ 2.)

The plaintiff alleges that the obstruction placed in the channel of the river by the defendants had caused the water to flow upon his land for twenty-four months prior to the commencement of the action to such an extent that the land had been rendered unfit for use. It is an action for trespass upon real property, and since under the authorities cited the cause of action accrued more than two years before the petition was filed the demurrer was properly sustained.

The judgment is affirmed.